**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43756**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 671** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 7, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **AUSTIN BLAYNEY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge.

Order suspending sentence, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Austin Blayney pled guilty to an amended charge of rape. I.C. § 18-6101(1). The district court sentenced Blayney to a unified term of ten years, with a minimum period of confinement of two years. The district court retained jurisdiction and sent Blayney to participate in the rider program. Following successful completion of his rider, the district court suspended the sentence and placed Blayney on probation. Blayney appeals.

Mindful that Blayney agreed with the State's recommendation at the time of sentencing and that he received that sentence, Blayney asserts that his sentence is excessive. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces

1

the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Blayney received the sentence he agreed to, he may not complain that the district court abused its discretion. Therefore, the district court's order suspending Blayney's sentence is affirmed.